## REQUEST FOR COURT ACTION

| | | |
|---|---|---|
| TO: | Honorable Stephen C. Robinson<br>U.S. District Judge | OFFENSE: Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 USC 846. |
| | | ORIGINAL SENTENCE: Seventy (70) months imprisonment followed by five (5) years supervised release. |
| | | AMENDED SENTENCE: Thirty-seven (37) months imprisonment with credit from July 26, 2004, followed by five (5) years supervised release. |
| FROM: | Bill Pompei<br>U.S. Probation Officer | SPEC. CONDITIONS: The offender will participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs. |
| | | AUSA: Anna Skotko |
| RE: | Davita C. Bush<br>Dkt # 08 CR 00095 (SCR) | MED: June 6, 2012 |

DATE OF SENTENCE: July 29, 2005
DATE OF AMENDED SENTENCE: July 29, 2005

DATE: June 4, 2008

ATTACHMENTS: PSI, Judgement

REQUEST FOR: WARRANT

---

### REQUEST FOR A WARRANT

### CUSTODY STATUS

Davita Bush is at liberty in the community. We would respectfully request that the Court issue a warrant, so she can be brought before the Court to answer to the specifications listed below.

(Rev. eVOP 12/06/07)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

Bush, Davita C.                                          44170 - Bill Pompei

2

## SUPERVISION ADJUSTMENT

Davita Bush began serving her term of supervised release on June 7, 2007, and was immediately referred to a drug treatment program as a special condition of supervised release. She attended weekly individual and group treatment sessions.

Aside from working for the Department of Social Services for her monthly benefits, Bush was unable to secure additional employment. As her primary focus was to regain custody of her two boys, ages 9 and 12, Bush requested that she be able to transfer to the Northern District of New York where she could secure immediate employment. The benefit of securing employment would aid Bush as she required her own residence as the children were not allowed to reside at the address of record, 15 The Court, New Rochelle, New York, a home owned by her grandmother, Mable Crump.

This officer initially gave Bush a weekend travel pass in early September to secure employment in Kingston, New York. As she was successful in securing work, she was issued temporary permission to live at the home of a family friend, Christine Snyder, at 30 Andrew's Street, Kingston, New York while a transfer of supervision was requested from the Northern District of New York. As such, Bush continued to return to the address of record to attend weekly drug treatment on Monday and Tuesday at Daytop Hartsdale.

During a return visit, on September 20, 2007, a Random Urine (RU) was collected and tested positive for cocaine usage. Bush was ordered to the Probation Office in White Plains where she admitted to using cocaine on September 18, 2007, and signed an Admission of Use form. Bush swore that she would not use again, was allowed to return to Kingston, and the Northern District of New York was advised of said drug usage.

Things appeared to be going well for Bush for a period of time. On November 10, 2007, this officer made a random home visit in Kingston and collected a RU which tested negative. I also performed an employment visit and spoke with her manager who praised her work ethic and scheduled her work week around her weekly return for drug treatment. All appeared to be well with the hope that Bush's transfer would be accepted.

On December 5, 2007, while reporting for an office visit at the Northern District of New York Probation Office in Albany, Bush submitted a RU. She subsequently signed an Admission of Use form acknowledging cocaine use on December 2, 2007. As such, permission to transfer was denied and Bush was ordered by this officer to return home immediately.

During her next office visit in the White Plains Probation Office on December 10, 2007, Bush supplied a urine specimen which also tested positive for cocaine use. She explained that all of her usage took place in the Westchester area as "my life here keeps me in the drug cycle". This officer admonished that one more positive urine sample would be a mandatory revocation and that she

Bush, Davita C.                                                                44170 - Bill Pompei

3

would be facing additional jail time or inpatient treatment at the very least. Bush was directed to return to the office in one week.

On December 18, 2007, a sweat patch was applied to Bush and, following a lengthy conversation in which she stated that she "was giving up", Bush admitted to using "grams of cocaine" on December 15, 2007. This officer spoke with his supervisor and we collectively agreed to allow Bush to enter an inpatient treatment program with the permission of the Court. On January 9, 2008, the Honorable Andre M. Davis, U.S. District Court Judge for the District of Maryland, approved the U.S. Probation Department's recommendation.

On December 27, 2007, Bush reported to the Probation Office where she was transported to Daytop Village - Brightside Manor House in Rhinebeck, New York. Bush was initially scheduled to serve a three month period in treatment, but Bush violated one of the program cardinal rules by engaging in a sexual act, on more than one occasion with multiple partners. As an alternative to termination, she received an additional 30 days treatment as punishment.

Bush was graduated from Brightside Manor House on April 21, 2008, and resumed weekly individual treatment the following day at Testing, Inc., in Mt. Vernon, NY. On May 14, 2008, bi-weekly group sessions were added to her treatment program.

On May 9, 2008, a sweat patch was applied and Bush was advised to return on May 16th for removal. On May 16th, Bush called to ask if she could come in on Monday, May 19th as we were experiencing heavy rains that day. After confirming that the patch was still in place, this officer allowed Bush to report for sweat patch removal on May 19, 2008.

On May 28, 2008, this officer advised Bush's drug counselor of the positive cocaine results as he was scheduled to meet with her later that evening. Bush acknowledged usage stating that she used "because I wanted to." She advised that she was meeting with this officer the following day.

On May 29, 2008, Bush failed to report to the U.S. Probation Office as scheduled. A High Intensity Field Operation (HIFO) referral conducted that evening failed to find her at the case address. In addition to leaving Bush a voice message on her cell phone, this officer advised Bush's grandmother, Mable Crump, that Davita is to report to the Probation Office the following day. She failed to report on May 30, 2008 as well.

On May 31, 2008, this officer left a voice message on Bush's cell phone advising her to report on June 2, 2008, between 12-1pm. I also called the case address and relayed the same to Ms. Crump, who advised this officer that she appreciates all that I have done for her granddaughter and understands that I am just doing my job. On June 1, 2008, Bush's treatment provider placed a call to Davita and received her voice mail also. He expressed that she should report to the Probation Department the following day. On June 2, 2008, Davita Bush failed to report as directed and is

Bush, Davita C.                                                                                  44170 - Bill Pompei

4

considered an absconder.

To date, following her release from Brightside Manor House, Davita Bush has failed to secure employment.

VIOLATION CIRCUMSTANCES

1      **ON OR BEFORE SEPTEMBER 18, DECEMBER 2, DECEMBER 10, DECEMBER 15, 2007, AND MAY 9, 2008, THE RELEASEE USED A CONTROLLED SUBSTANCE, TO WIT, COCAINE. MANDATED CONDITION, MANDATORY REVOCATION, GRADE C VIOLATION.**

On September 18, December 2, December 10, December 15, 2007, and May 9, 2008, while attending a drug treatment program, the releasee continued to test positive for the above noted illicit substance as verified by lab results and her own admission.

2      **ON OR ABOUT MAY 29, MAY 30, AND JUNE 2, 2008, THE RELEASEE FAILED TO REPORT TO THE U.S. PROBATION OFFICER AS DIRECTED. CONDITION #3, GRADE C VIOLATION.**

On May 29, May 30, and June 2, 2008, following verification with a drug treatment provider regarding continued use of cocaine, the releasee failed to report to the U.S. Probation Office as directed.

COURT STATUS IN OTHER JURISDICTIONS

None.

CHAPTER SEVEN GUIDELINE POLICY CONSIDERATIONS AND/OR STATUTORY REQUIREMENTS:

Chapter Seven of the Sentencing Guidelines sets forth policy statements regarding sentencing considerations in violation of supervised release matters. Case law requires the Court to consider these issues but, since they are policy statements, they are not binding.

(Rev eVOP 12/06/07)

Bush, Davita C.                                                                         44170 - Bill Pompei

5

According to Section 7B1.4, the possible ranges of imprisonment applicable upon a violation of supervised release are as follows:

| Specification | Grade of Violation | Revocation Range (Based upon a Criminal History Category of I) |
|---|---|---|
| 1, 2 | Grade C | Guidelines: 3 to 9 months |
|  |  | Statutory: Not more than five (5) years |

As the defendant was originally convicted of a Class A Felony, she may be required by statute {18 USC 3583 (e)(3)} to serve a period of incarceration of not more than five (5) years.

Pursuant to {18 USC 3583(h)}, if the term of supervised release is revoked and the term of imprisonment imposed is less the maximum five (5) years, supervised release can be reimposed as authorized under the original offense, 21 USC 846, less any term of imprisonment that was imposed upon revocation of supervised release.

Pursuant to 18 USC 3583(g), if the defendant is found to have possessed a controlled substance[1], the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

RECOMMENDATION

At this time we would respectfully request that the Court issue a warrant, so Davita Bush can be brought before the Court to answer the above specifications.

Davita Bush has been unable to completely abstain from drug use, despite involvement in residential and outpatient substance abuse treatment programs and a clear understanding of the consequences she faces if drug use continues. This officer initially attempted to remove Bush from her drug environment in Westchester County by initiating a transfer request to the Northern District of New York, which was denied due to a positive drug admission to a U.S. Probation Officer in that district. Residing back at the case address, following four positive cocaine urinalysis/admissions, and with the District Court of Maryland's approval, Davita Bush was referred for residential drug treatment

---

[1] U.S. v. Wirth, No. 99-1743, 2nd Circuit, use of narcotics amounts to possession thereof for the purpose of 18 USC 3583(g).

(Rev eVOP 12/06/07)

Bush, Davita C. 44170 - Bill Pompei

6

in lieu of imprisonment. It was at this facility that Bush was given a second chance as well when she was permitted to remain in treatment despite breaking a cardinal rule of the program. Following completion of residential treatment, Bush resumed cocaine usage despite continual attendance in outpatient treatment.

It is therefore our recommendation that a term of imprisonment at the high end of the guideline range will serve as a punitive response to Bush's failure to remain drug free despite exhaustive efforts to provide her with various drug treatment programs and an attempted change in her environment. What is most troubling to this officer is how Ms. Bush advised myself and her treatment providers of her desire to regain custody of her two sons, both of whom are spiraling down a path leading to juvenile detention (both are currently on probation for one year). It is appalling that she chooses to direct herself further from this goal as she indulges in self gratification, be it sexually or through drug usage. It is at this impressionable period of life that her sons need to know that their mother is fighting for them and she is failing miserably at this task.

**If the Court were to revoke the offender's current term of supervised release and re-impose a term of supervised release, we would respectfully request that the previously imposed Special Conditions remain in effect.**

Should the Court grant our request to initiate violation action, this memorandum will be disclosed to the offender, defense counsel and prosecutor, unless Your Honor directs otherwise.

Respectfully submitted,

Bill Pompei
U.S. Probation Officer

Approved by:

Edward W. Johnson
Supervising U.S. Probation Officer

(Rev. eVOP 12/06/07)